IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-40517
Summary Calendar
_____

LEE-AUNDRY LAMON GORDON,

Petitioner-Appellant,

versus

JANIE COCKRELL, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION,

Respondent-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-334
- - - - - - - - - -
December 27, 2002

Before JOLLY, JONES, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Lee-Aundry Lamon Gordon appeals the district court's denial
of his claim in his 28 U.S.C. § 2254 petition that counsel was
ineffective when he elicited Gordon's confession to the offense
of aggravated robbery.  Gordon argues that the entire trial
strategy of seeking a conviction for the lesser included offense
of attempted aggravated robbery was destroyed by this confession.
The record does not support this contention.  On direct appeal,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Gordon argued that he was entitled to a jury instruction for the lesser included offense of attempted aggravated robbery. The state court determined that because the evidence supported the jury's determination that he had committed aggravated robbery, he was not entitled to such an instruction. Thus, Gordon's argument that he was prejudiced by not being able to make a case for attempted aggravated robbery is meritless. Gordon has not shown that but for counsel's eliciting a judicial confession, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 694 (1984). Moreover, the record indicates that counsel was trying to show that Gordon did not have the requisite intent to rob and was therefore guilty only of attempted aggravated robbery. Under the deferential standard by which counsel's actions at trial are judged, Gordon has not shown that counsel's conduct fell outside the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689.

The same arguments raised herein were rejected by the state court when it denied Gordon's habeas application. Gordon has not attempted to show, now has he shown, that the state court's decision (1) was contrary to, or an unreasonable application of, clearly established Federal law, as determined by the Supreme Court; or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d)(1) & (2). The denial of his 28 U.S.C. § 2254 petition is therefore AFFIRMED.